And our last argument, last case for argument, Yates v. United States, Mr. Bugney. May it please the court. There's one issue for this court to decide today, and that is whether temporary unease, mild discomfort, and the force that's necessary to cause that kind of mild discomfort or temporary unease is a sort that can be qualified as violent, as that term is used in the Armed Career Criminal Act, and the defense posits that it's not. This court has a long history of interpreting the force clause. We have both Flores, we also have Johnson from the Supreme Court, and there the courts are looking at what kind of force is this? Is this violent force? Is this a sort that can rightly be characterized as a sort that is going to be more than a yelp of pain, more than a bruise, a paper airplane? I understand all this stuff. In common law, we have the concept of battery and aggravated battery. So battery is just any kind of unpermitted physical contact with another person, and aggravated battery is, you know, potentially dangerous, hitting somebody, provoke a fight. I don't understand why we have all this stuff about violent felony being injected into the law. I don't get it. Is there some reason why battery, aggravated battery, was not adequate to deal with these questions? I don't think it's that it's not adequate. I think it's a problem of our federal system where each state is allowed to have gradients of that kind of battery and the kind of harm that would result. If you look back at Johnson, common law battery just isn't going to cut it. That sort of unlawful touching or just mere touching, that's not going to do it. But that's why we have the concept of aggravated battery. That's exactly it. In Wisconsin, however, Wisconsin has grouped it together. Illinois, they've decided to separate it out. Harmful battery is one, offensive touching is another. Wisconsin doesn't have that, though. They do have graduated schemes for aggravated and substantial, depending on the sort of injuries that come. But when it comes to that low level, everything's looped together. Well, actually, no. The Wisconsin battery statute, the simple battery statute, it's aggravated here by virtue of the prison setting and the victim being a guard. But the simple battery elements require the intentional infliction of at least pain. Offensive touching isn't enough. True. Temporary unease. So it depends on how the term pain is defined. If pain is defined as, you know, ouch or like a slight sting or just, you know, like a mild discomfort, if that's the way pain is described, that's usually tantamount to the normal common law battery. It's not the sort that we think of as aggravated battery or felony battery. Well, the statutory definition requires physical pain or injury, illness or any impairment of physical condition. That's the definition of bodily harm. And the simple battery offense requires the intentional infliction of bodily harm without consent. So at a minimum, there must be the intentional infliction of physical pain, which meets the definition of violent force as the Supreme Court has interpreted the ACCA's elements clause. I don't think so. Everything's going to have some kind of force, and there will be some kind of minimal pain. That's not true of every battery if I just touch someone on the shoulder. But you can look at this court's case in Flores. There's going to be the paper cut. There might be the yelp of pain. There might be the bruise. There might be the snowball or spitball. All those can be described as temporary unease, but they'd never be described as a kind of pain that would be violent, the sort that Congress is trying to encapsulate. And you see that really in the Castleman decision. Well, but the Supreme Court didn't require a certain degree of pain to amount to force under the elements clause of the ACCA. It just said the infliction of pain or other injury, which is exactly what Wisconsin requires. Well, I think Wisconsin under the statutory language and what Higgs actually defines it as is something a little bit different. There's tension there. But what the Supreme Court has defined it as or what the Supreme Court requires, they agree. Everybody agrees mere touching just isn't enough. But the degree of pain above that, that's where the decision in Castleman really comes in. It says this isn't the type of pain that we would constitute as far as a violent felony goes, not the kind that we're trying to get at for the Armed Career Criminal Act. But it is the sort that it would fall under domestic violence. The push, the shove, all those could cause pain, but they're not to the level that we say once you have three of those, you could get 15 years to life. And that's sort of the distinction. You have to look at is it violent pain? Is it this sort of pain that we're really looking to get at with this kind of prohibition? And if you look at Flores, there's going to be pain. There's going to be pain in the airplane. It's annoying. It's sort of like I have four little kids, and they're constantly annoying each other with like throwing Legos at one another. There's always a pain. There's a tear, and they're running back. But that's not the sort of pain that we're trying to encapsulate within this is the sort of battery that we really want to lock you up for. If you get three of these, you're done for. And I think that's what this court has to wrestle with. If you have Flores at one end, and then you have Illinois on the other, and Illinois is saying, you know what, this is above this offensive touching. Urine being thrown in both Wisconsin and in Illinois requires the same amount of force. And probably the sensation of the stinging, probably the unease that it requires in both. But Wisconsin doesn't criminalize offensive touching in the simple battery statute. It requires physical pain. Granted, there is no degree of physical pain. The jury decides whether there's enough. But offensive touching doesn't fall within the simple battery statute in Wisconsin. True. The pain has to be so slight, though. It's very indistinguishable from the mere touching, the offensive touching. But it is a statutory requirement, and we're looking at the statutory requirement. It requires physical pain. And there may be minimal physical pain in some actual simple batteries in Wisconsin, but that doesn't take it outside the ACCA, which requires only physical pain, a force capable of producing physical pain, which is how the Supreme Court has interpreted the ACCA Elements Clause. Nothing more. No degree. Well, they've left open the degree of, look, it's not going to be mere touching, and it's going to be somewhere above that. It's going to be north of that. But you can look at this court. I know I keep on coming back to Indiana, but I think Indiana requires some kind of harm. And this court has said it's not going to be that minimal harm. And when that case came up to this court again in Johnson, Johnson 3, unfortunately by the name, this court said, no, that's not going to be force clause. That's a residual clause offense. That's the same amount of pain. The indistinguishable minimal amount of pain in Indiana is the same as Wisconsin. And this court has said, all right, that's not going to be enough. That's not going to cut it. So it has to be something above this mere unease, this kind of temporary unease, that Wisconsin criminalizes as does Indiana. Now, where this court draws the line, the line can be safely drawn at what this court has demanded in Castellanos. And what is demanded in Illinois battery. If it has that amount of force, then yes, that's a force clause offense. But if it falls below that, if it falls towards the Indiana line, and if it goes to where Wisconsin is, then that can't be violent force. Though it does cause pain, that pain is so minimal, it's not the type of pain that we normally associate with a violent felony. Well, would that be a misdemeanor? Pardon? Would that be a misdemeanor? It is a misdemeanor, yes, Your Honor. In Wisconsin, this is a misdemeanor offense. It's by virtue of who the victim is and who the person committing the battery, that's what elevates it. But otherwise, a simple battery in Wisconsin is a misdemeanor. And if we're going to say, look, a misdemeanor, we're not going to change that into a violent felony just because it happens to be a prisoner who engaged another prisoner. You know, in Higgs, it was one prisoner throwing urine on another. And that doesn't change it into an aggravated sort of battery. Well, you can understand actually why a prison would be particularly concerned that even these minor batteries would escalate. They would be particularly concerned also with any battery by a prisoner against a guard, however trivial. So there is a difference in the prison setting, a different, I would think, a heightened concern about any kind of battery, however trivial. Well, I think that's respected or reflected in Wisconsin's legislature's choice. Look, you get a felony, and you're going to get even more time, and you can get supervision after it. I don't understand you to be questioning Wisconsin's decision to classify this as a felony. No, I was just applauding the right decision of Wisconsin to do that. Right. I mean, it's a simple battery that's elevated to a felony by virtue of the context of its occurring in prison, whether it's of a guard or another inmate. That's correct. Or a visitor or an employee of another kind. But that doesn't change the amount of force that's inherent within it. So the fact that Wisconsin correctly says, all right, prison guards, we really want to punish you a little bit harsher, doesn't mean that there's more force, that now it's violent force that we're acquiring. It just says, you know, this is kind of more of a provoking standard. It's really the sort that rightfully fits within the residual clause. There's no question this is a residual clause offense. This is the sort of thing that if someone has urine thrown on them, if someone has a sort of offensive touching that goes on, it's provoking in nature, and the response can be, you know, quite dangerous. So, again, that's why this court said it in Johnson 3. It's a residual clause in Indiana. This is why the court said it's a residual clause in Peters. Your Honor, we believe that this should not be counted as a violent felony under the force clause. Okay. Thank you. Thank you, Mr. Bookney. Mr. Anderson? Good morning, Your Honor. My name is Robert Anderson. I'm an assistant United States attorney. I have the privilege of representing the United States in this matter. To make the simple point, the Wisconsin Battery Statute is a crime of violence. The straightforward reading of the statute shows there is nothing in the Wisconsin statute about or even approximating an offensive touching. Under the force clause, this is a crime of violence. The statute requires that the person charged intentionally cause bodily harm to another person. Intentionally cause bodily harm inherently involves the use of force in this battery. That's what Judge Crabb referred to in denying the challenge to his conviction under the statute, denying him his 2255 relief. Higgs, that he cites to, does not change the definition of battery in Wisconsin. Appellant's reliance on Higgs is not only misplaced, but his argument distorts the law. The definition of bodily harm in Wisconsin is not tethered to or determined by the case law in Higgs. Higgs is not the standard, as he alleges in his reply brief, or in his primary brief, I think, too. It's not the standard for bodily harm in Wisconsin used by prosecutors, judges, and juries, as he alleges. I'm holding a copy of the Wisconsin jury instructions on battery by a prisoner. And it uses none of the language from Higgs. It makes no reference to Higgs in any commentary, any annotations. It is the jury instructions that the prosecutors, the judges, and the juries use in identifying the elements of battery and defining bodily harm using the language of the Wisconsin statute, not Higgs. The Wisconsin statute 3922 paren 4, not dicta in the Higgs decision, which is what his reference is. Bodily harm by the Wisconsin definition is physical pain, injury, illness, or impairment of any physical condition. And then this takes us back then to the Higgs decision itself and his misapplication of it. Higgs is not an offensive touching case. Higgs was a caused bodily harm case. There was bodily harm by pain suffered by the victim. The Higgs decision by the Wisconsin appellate court, rather than as the appellant characterizes it, it was not, it's actually, that decision is actually a rejection of an attempt to expand the scope or the expansion of the scope of a definition of bodily harm to just throwing urine. They rejected that. The court held that that act, intentionally and forcibly throwing a cup of urine, did constitute a battery only and precisely because it did cause bodily harm. It did cause pain. And there was that in the record. If it didn't cause bodily harm, if it didn't cause pain, it would not be a battery. The Higgs court's process, in their opinion, the process of going into the dictionary definition of pain, which he cites to so much, is nothing more than dicta explaining why the record in the Higgs case had sufficient proof of the victim's suffering pain. It did not rewrite the Wisconsin statute. Higgs is not an offensive touching case, as he wishes to analogize it as, and it's not a typical case for sure. This is what- Both of the briefs seem very vague. What exactly happened? You know, Your Honor, we don't, at least I don't have a recollection, and I don't think we exactly know because at the time, of course, that Mr. Yates was convicted of this offense and the PSR was prepared, it just referred to the fact that he was convicted of a battery by prisoner. That's it? We don't know what it consisted of? No, it didn't go into the facts because it wasn't necessary at that time. I don't understand. If you recall- But I understand why we're not told what happened. He hit someone, right? Hit another prisoner? Where'd he hit him? How hard, et cetera? There had to have been under the Wisconsin statute. What? There had to have been a satisfaction of the elements under the Wisconsin statute for him to have- Well, I'm just interested in what happened. Facts. I can't tell you the exact facts because it wasn't gone into in the PSR. Because what? It's not in the record what exactly happened, only that he has the conviction, and that's all we look at. Does he have a conviction for this offense, and what are the elements of that offense? And that's what the defendant is, or the appellant, is arguing about now. It wasn't gone into because he had three. He had the delivery of cocaine, battery by a prisoner, and a substantial battery. Is that a record? Those are in the record. They're in the PSR. And he had three escapes. Those three escapes at the time counted against him as a- I'm interested in the escapes. I'm interested in the battery. I, too, am interested in exactly what happened in that battery, but we don't have a record of it, even if we could look into it. It's not in the record here, but it didn't- The important thing is what he was convicted under, what the statutory elements were. He could not have been convicted of a battery by a prisoner unless there were the satisfaction of that statutory element that bodily harm, there had to have been some pain, some injury to the victim for him to have that conviction. And whether there's a degree of injury or pain equaling bodily harm, that is for the jury to decide, ultimately. A jury or the judge, whoever's the fact finder, to decide using the Wisconsin instructions, using the statutory definition, not using any dicta in the Higgs opinion. So none of Yates' arguments- Well, how is pain defined? I'm sorry? How is pain defined? Well, the Higgs court did look into the dictionary, the Webster's dictionary definition of pain, and it identified that there's a spectrum of pain. And then the court merely said, at the very least, this meets the minimum definition on the bottom end of the spectrum as being pain, because we did have testimony, or there was testimony in the Higgs case, that the individual that had urine splashed on him suffered pain by burning in his eyes. And that, they said, was a factual definition, a factual finding, that it met the definition of the statute of bodily injury. Bodily harm is not further defined in the jury instructions. I'm sorry? The term bodily harm is not further defined in the jury instructions beyond the physical pain or injury, illness, or impairment of physical condition. Physical pain, injury, illness, or impairment of physical condition. What if the victim testified, well, he hit me, but it didn't hurt, and I suffered no injury? Could he be convicted? If it didn't hurt at all. Again, that's a fact for the fact finder to decide. If they get up there and testify, he hit me, but it just glanced off. It didn't do anything. It didn't leave a bruise. It didn't do anything. And the fact finder could very well find, you know, I don't find that there's an injury here, that there's any bodily harm. The victim himself said he didn't feel anything. So there wouldn't be a factual basis to convict them of battery. It's that simple. And this court, as I pointed out in my brief, having considered the definition of the Wisconsin statute and other applications, has always found that it is a crime of violence. There's nothing in Yates' arguments that require this court to depart from its existing precedent, concluding that the Wisconsin battery statute, like the similar Illinois statutes that you've also examined, meet anything other than the elements definition of a violent felony. I ask this court to, therefore, affirm Judge Crabb's denial of relief under 2255, unless there are any other questions. Okay. Well, thank you, Mr. Anderson. Mr. Boatney, do you have anything further? I would just add this court has charged many a jury. I doubt many of these actually go to a jury. Most of them are pled down. But if the jury came back with a question, what's the definition of pain? You know, under the statute, what is it? Was this enough? The court would have to instruct temporary unease, mild discomfort. That would be sufficient for you to find guilt. And that's all we have to do. We have to show a reasonable probability that there's a case. And we have that case. We've had five cases, all of which set the bar so low in Wisconsin. And that low bar is not sufficient to get this within the violent felony, within the force clause. So I always submit that this court should reverse and remand and find that this case, like the one in Flores and just like the Indiana statute issue at Johnson, properly residual clause, improper force clause.  Okay. Well, thank you very much, Mr. Boatney. Thank you to both counsel. And the court will be in recess.